JAMES P. VAN WYCK, RESPONDENT, *v.* ADOLPH HORO-
WITZ, APPELLANT.

*Injunction restraining the use of a name on a sign — when not allowed.*

The defendant, who had been hired as a watchmaker and clerk by the plaintiff,
a jeweler, having left his employment, opened a store a few doors from that
of the plaintiff, and put up a sign "A. Horowitz, late with J. P. Van Wyck"
(the plaintiff).

*Held,* that the plaintiff could not restrain him from using his (plaintiff's) name on
the sign. (Reversing S. C., 16 Abb. N. C., 121.)

APPEAL from an order continuing a preliminary injunction
granted in this action, which was brought to restrain the defendant
from using the plaintiff's name in his signs and advertisements.

*Cady & Hoysradt,* for the appellant.

*Frederick J. Collier,* for the respondent.

BY THE COURT:

The plaintiff formerly hired defendant as a watchmaker and clerk,
the plaintiff being a jeweler. Afterwards the defendant left plain-
tiff's employment and opened a store a few doors from the plaintiff.

The defendant put up a sign "A. Horowitz, late with J. P. Van
Wyck," and issued cards with a similar statement.

The plaintiff brought this action for an injunction. The *grava-
men* of his complaint is that these words "misrepresent the former
relations of the plaintiff to the defendant." The Special Term
enjoined defendant from using the words "late with J. P. Van
Wyck," and the defendant appeals. The injunction cannot be sus-
tained. The defendant in no way uses the name of the plaintiff.
He simply states what is true, that he was once with the plaintiff.
He does not state or pretend that he was a partner, and there is
nothing to justify the inference that he intended to give the public
such an idea. It is not pretended (as has sometimes been done in
such cases) that he conceals the words "late with," so as to make it
appear that the store which he conducts is that of the plaintiff. It
is not necessary in this case to consider how far and in what cases a
family name may be practically a trade-mark. For the difficulty

with the plaintiff's case is that the defendant is not assuming any name of the plaintiff. To state that he was "late with J. P. Van Wyck," is, on the contrary, to publish to the world that he is not now with Van Wyck, and that his store is not Van Wyck's store. Thus there is not the least fraud on the public and not the least injury to the plaintiff; and no one would be justified in inferring that the defendant was representing himself to have formerly been a partner of the plaintiff. In fact the language used is generally understood to mean that the person is not a partner, but is in the employ of the person "*with*" whom he is said to be or to have been. The commercial agent commonly describes himself as "with" his employer.

The order should be reversed, with ten dollars costs and printing disbursements, and motion to continue injunction denied, with ten dollars costs.

Present — LEARNED, P. J., BOCKES and LANDON, JJ.

Order reversed, with ten dollars costs and printing disbursements.